TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00851-CR







Gilbert Carbajal, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-10-0084-SB, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING






O R D E R


PER CURIAM

Appellant Gilbert Carbajal was convicted of the felony offense of evading arrest with
a motor vehicle. See Tex. Pen. Code Ann. § 38.04 (West 2011). His appointed attorney on appeal
has filed a brief raising two issues: the sufficiency of the evidence and the effectiveness of
trial counsel.

With regard to the first issue, counsel's brief contains a thorough summary of the
evidence and the relevant case law. Counsel then makes two contradictory assertions regarding the
sufficiency of the evidence. Counsel states on pages 27 and 28 of his brief that appellant's "legal
insufficiency argument is without merit" because a rational trier of fact could have found from the
circumstantial evidence that each element of the offense was proved. On page 29, however, counsel
asserts that "the jury's verdict was not rational."


It is unclear whether counsel considers this appeal to be meritorious or frivolous with
respect to the sufficiency of the evidence. (1) Therefore, counsel is ordered to do one of the following: 

 If counsel is of the opinion that the evidence is legally insufficient and that the
appeal has merit as to that issue, he shall file a supplemental brief clarifying his
argument with respect to the sufficiency issue.

 If counsel is of the opinion that the evidence is legally sufficient and that
appellant's appeal is frivolous as to that issue, he shall: (1) deliver a copy of his
brief to appellant and advise appellant of his right to examine the appellate record
and to file a pro se brief or other written response; (2) certify in writing that he has
complied with the foregoing requirement; and (3) file a motion to withdraw. See
Anders v. California, 386 U.S. 738, 744 (1967); Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991).

Counsel shall, within fifteen days from the date of this order, tender to this Court either his
supplemental brief or his certification and motion to withdraw.

It is ordered August 24, 2011.



Before Chief Justice Jones, Justices Henson and Goodwin


Do Not Publish 
1. Counsel's brief also contains a thorough discussion of the facts and law relevant to the
ineffective assistance claim. Counsel concludes his discussion by stating that "trial counsel's
defense strategy appears to [have been] appropriate under the circumstances" and that "Appellant's
arguments that defense counsel provided ineffective assistance of counsel . . . [are] without merit."